# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: October 24, 2018
Refiled in Redacted Form: December 11, 2018

```
* * * * * * * * * * * * * * * * * *
C.L. and K.N.,                      *      UNPUBLISHED
on behalf of their minor son, K.M.N.,*
                                    *
              Petitioners,          *      No. 14-357
                                    *
v.                                  *      Chief Special Master Dorsey
                                    *
SECRETARY OF HEALTH                 *      Decision Based on Stipulation;
AND HUMAN SERVICES,                 *      Diphtheria-Tetanus-Acellular
                                    *      Pertussis ("DTaP") Vaccine;
              Respondent.           *      Seizures; Developmental Delays.
* * * * * * * * * * * * * * * * * *
```

Mary Coffey, Coffey & Nichols, LLC, St. Louis, MO, for petitioners.
Darryl Wishard, US Department of Justice, Washington, DC, for respondent.

## DECISION BASED ON STIPULATION[1]

On April 28, 2014, C.L. and K.N. ("petitioners") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioners alleged that as a result of a diphtheria-tetanus-acellular pertussis ("DTaP") vaccine administered to their son, K.M.N., on or about September 23, 2011, K.M.N. suffered from seizures and developmental delays. Petition at 1.

On October 23, 2018, the parties filed a stipulation recommending an award of compensation to petitioners. Stipulation (ECF No. 89). Respondent denies that the DTaP vaccine caused K.M.N. to suffer from seizures, developmental delays, or any other injury.

---

[1] When this decision was originally filed, the undersigned advised the parties of her intent to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. §3501 note (2012) (Federal management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioners filed a motion to redact certain information. This decision is being reissued with minimal changes, including redaction of the petitioners' name in the case caption to initials. Except for those changes and this footnote, no other substantive changes have been made. This decision will be posted on the Court's website with no further opportunity to move for redaction.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioners shall receive the following compensation:

**(1)** **A lump sum of $168,526.82, representing compensation for first year life care expenses ($45,886.82) and trust seed funds ($122,640.00), in the form of a check payable to Regions Bank as trustee of the grantor reversionary trust established for the benefit of K.M.N.**

**(2)** **A lump sum of $200,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of K.M.N., for the benefit of K.M.N. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of K.M.N.'s estate.**

**(3)** **A lump sum of $14,708.55, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners.**

**(4)** **A lump sum of $48,058.29, representing reimbursement of a lien for services rendered on behalf of K.M.N., in the form of a check payable jointly to petitioners and MO HealthNet Division, Cost Recovery Unit.**

**(5)** **An amount sufficient to purchase the annuity contracts described in paragraphs 10 and 11 of the stipulation, paid to the life insurance company or companies from which each annuity will be purchased.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora B. Dorsey
Nora B. Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ▬▬▬▬ AND ▬▬▬▬ on behalf of their minor son, K.M.N., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 14-357V <br> Chief Special Master Dorsey <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, K.M.N., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to K.M.N.'s receipt of the diphtheria-tetanus-acellular pertussis ("DTaP") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. K.M.N. received the following vaccinations on or about September 23, 2011: DTaP vaccine; Haemophilus influenzae type b vaccine; inactivated polio vaccine, pneumococcal 13-valent vaccine; and rotavirus vaccine.

3. The vaccines were administered within the United States.

4. Petitioners allege that K.M.N. suffered from seizures and developmental delays as a result of his vaccinations. Petitioners further allege that K.M.N. experienced residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action

-1-

for damages on behalf of K.M.N. as a result of his condition.

6. Respondent denies that K.M.N. suffered from seizures and developmental delays as a result of his vaccinations; and denies that the DTaP vaccine or any other vaccine caused any other injuries or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $168,526.82, which amount represents compensation for first year life care expenses ($45,886.82) and trust seed funds ($122,640.00), in the form of a check payable to Regions Bank, as trustee of the grantor reversionary trust established for the benefit of K.M.N.;

> b. A lump sum of $200,000.00, which amount represents compensation for pain and suffering, in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of K.M.N. for the benefit of K.M.N. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of K.M.N.'s estate;

> c. A lump sum of $14,708.55, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, ▇▇▇▇▇▇▇ and ▇▇▇▇▇▇

> d. A lump sum of $48,058.29, which amount represents reimbursement of a lien for services rendered on behalf of K.M.N, in the form of a check payable jointly to petitioners and

> MO HealthNet Division
> Cost Recovery Unit
> P.O. Box 6500

-2-

Jefferson City, MO 65102-6500
DCN: 63979327

Petitioners agree to endorse this payment to the State of Missouri; and

    e. An amount sufficient to purchase the annuity contracts described in paragraphs 10 and 11 below, paid to the life insurance company or companies from which each annuity will be purchased (the "Life Insurance Company").

    9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

    10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of K.M.N., pursuant to which the Life Insurance Company will agree to make payments periodically to the trustee for the following items of compensation:

    a.    For future unreimbursable CIGNA Maximum-out-of-Pocket and CIGNA Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,000.00 to be paid up to the anniversary of the date of judgment in year 2037. Then, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $11,407.84 to be paid up to the anniversary of the date of judgment in year 2043, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    b.    For future unreimbursable Medicare Part B Premium expenses, beginning on the anniversary of the date of judgment in year 2043, an annual amount of $1,608.00 to be paid for the remainder of K.M.N.'s life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

c.  For future unreimbursable Medicare Part B Deductible, Medicare Supplement, and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2076, an annual amount of $10,109.07 to be paid for the remainder of K.M.N.'s life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

d.  For future unreimbursable Medicare Advantage Premium, Medicare Advantage Maximum-out-of-Pocket, and Medicare Advantage Prescription Medication Maximum-out-of-Pocket expenses, beginning on the anniversary of the date of judgment in year 2043, an annual amount of $11,464.00 to be paid up to the anniversary of the date of judgment in year 2076, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

e.  For future unreimbursable Dentist expenses, beginning on the first anniversary of the date of judgment, an annual amount of $150.00 to be paid for the remainder of K.M.N.'s life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

f.  For future unreimbursable Occupational Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,800.00 to be paid up to the anniversary of the date of judgment in year 2033, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g.  For future unreimbursable Sabril, Banzel, Clobazam, Topomax, and Diazepam expenses, beginning on the anniversary of the date of judgment in year 2043, an annual amount of $441.00 to be paid up to the anniversary of the date of judgment in year 2076, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

h.  For future unreimbursable Rifton Adaptive Tricycle and Weighted Vest expenses, on the anniversary of the date of judgment in year 2024, a lump sum of $2,377.00, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i.  For future unreimbursable Free Weight, Ankle Weight, Floor Mat, Vestibular Swing/ Swing Set, Folding Earphone, Thera Putty, Diaper, Incontinent Pad, Wipe, and Glove expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,909.26 to be paid up to the anniversary of the date of judgment in year 2029. Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $2,343.61 to be paid up to the anniversary of the date of judgment in year 2033. Then, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $2,334.31 to be paid up to the anniversary of the date of judgment in year 2049. Thereafter, beginning on the anniversary of the date of judgment in year 2049, an annual amount of $1,984.21 to be paid for the remainder of K.M.N.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j.  For future Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,200.00 to be paid up to the anniversary of the date of judgment in year 2034. Then, beginning on the anniversary of the date of judgment in year 2034, an annual amount of $600.00 to be paid up to the anniversary of the date of judgment in year 2050, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

k.  For future unreimbursable Day Care expenses, beginning on the anniversary of the date of judgment in year 2021, an annual amount of $6,500.00 to be paid up to the anniversary of the date of judgment in year 2024, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

l.  For future unreimbursable Home Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $31,200.00 to be paid up to the anniversary of the date of judgment in year 2024, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

m.  For future unreimbursable Home Care (School and Non-School Days) expenses, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $44,520.00 to be paid up to the anniversary of the date of judgment in year 2033, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

n.  For future unreimbursable Respite expenses, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $2,352.00 to be paid up to the anniversary of the date of judgment in year 2049, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

o.  For future unreimbursable Adult Non-Skilled Care expenses, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $122,640.00 to be paid up to the anniversary of the date of judgment in year 2048, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

p.  For future unreimbursable Residential Care expenses, beginning on the anniversary of the date of judgment in year 2049, an annual amount of $65,700.00 to be paid for the remainder of K.M.N.'s life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 may be provided to the trustee in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the trustee and do not require that the payment be made in one annual installment. The trustee

will continue to receive the annuity payments from the Life Insurance Company only so long as K.M.N. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, the trustee, and the Life Insurance Company shall be provided within twenty (20) days of K.M.N.'s death.

    11. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of K.M.N., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioners, as guardian(s)/conservator(s) of the estate of K.M.N. for the benefit of K.M.N., for partial lost earnings available under 42 U.S.C. §300aa-15(a), as follows:

> Beginning May 17, 2019, $1,053.00 per month for 30 years certain, increasing at 3% compounded annually from the date payments begin.

The payments provided for in paragraph 11 shall be made as set forth above. Should K.M.N. predecease the exhaustion of any certain payments set forth in paragraph 11, any remaining certain payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of K.M.N's death.

    12. The annuity contracts will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with

respect to future annuity payments.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for the benefit of K.M.N., as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

17. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of K.M.N.'s estate under the laws of the State of Missouri. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as

guardian(s)/conservator(s) of K.M.N.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of K.M.N. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/ conservator(s) of the estate of K.M.N. upon submission of written documentation of such appointment to the Secretary.

18.  In return for the payments described in paragraphs 8 and 13, petitioners, in their individual capacities and as legal representatives of K.M.N., on behalf of themselves, K.M.N., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of K.M.N. resulting from, or alleged to have resulted from the vaccinations administered on or about September 23, 2011, as alleged by petitioners in a petition for vaccine compensation filed on or about April 28, 2014, in the United States Court of Federal Claims as petition No. 14-357V.

19.  If K.M.N. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

20.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

21. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

22. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

23. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that K.M.N. suffered from seizures and developmental delays as a result of his vaccinations; or that his condition is a sequelae of his alleged injuries.

24. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of K.M.N.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

[REDACTED]

**PETITIONER:**

[REDACTED]

**ATTORNEY OF RECORD FOR PETITIONERS:**

*Mary Coffey* [signature]

MARY COFFEY, ESQ.
COFFEY & NICHOLS, LLC
6202 Columbia Avenue
St. Louis, MO 63139
Tel: (314) 647-0033

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Catharine E.* [signature]

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for* [signature]

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
 and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

[signature]

DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4357

Dated: 10/23/18

-10-