# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: December 11, 2018)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| C.L. and K.N., | * | |
| on behalf of their minor son, K.M.N., | * | |
| | * | |
| Petitioners, | * | No. 14-357V |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

Mary Coffey, Coffey & Nichols, LLC, St. Louis, MO, for petitioners.
Darryl Wishard, US Department of Justice, Washington, DC, for respondent.

### ORDER GRANTING PETITIONERS' MOTION FOR REDACTION[1]

On October 25, 2018, petitioners filed a motion to redact the undersigned's October 24, 2018 Decision based on the parties' stipulation. Petitioners' Motion ("Pet. Mot.") dated Oct. 25, 2018 (ECF No. 91). For the foregoing reasons, petitioners' motion is GRANTED.

### I.   Relevant Procedural History

On April 28, 2014, C.L. and K.N. ("petitioners") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioners alleged that as a result of a diphtheria-tetanus-

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website. **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

1

acellular pertussis ("DTaP") vaccine administered to their son, K.M.N., on or about September 23, 2011, K.M.N. suffered from seizures and developmental delays. Petition at 1.

On October 23, 2018, the parties filed a stipulation recommending an award of compensation to petitioners. Stipulation (ECF No. 89). The undersigned issued a decision based on the parties' stipulation on October 24, 2018. Decision dated Oct. 24, 2018 (ECF No. 90). The same day, petitioners filed a motion to redact their names to initials in the decision. Pet. Mot. at 1. In support of this request, petitioners state that they "do not want the public having access to the specific identity of . . . KMN as beneficiary of the funds, or Petitioners connection to KMN's estate or trust." Id. They express "concern for the potential of persons attempting undue influence over KMN's care or funds." Id.

Respondent filed a response on October 26, 2018, outlining the standards for a motion for redaction and deferring to the undersigned's discretion regarding what information, if any, should be redacted. Respondent's Response ("Resp. Res.") dated Oct. 26, 2018 (ECF No. 93).

This matter is now ripe for adjudication.

**II.     Discussion**

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act. See 42 U.S.C. §300aa-12(d)(4)(B). That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." Id. What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioners' "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Human Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr., Aug. 25, 2011).

Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioners' names, which are not similarly protected automatically, may also be redacted if the petitioner establishes proper grounds for redaction. See R.V. v. Sec'y of Health & Human Servs., No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call."). The undersigned will permit redaction in cases, such as this, where a specialized showing is made.

---

42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

The facts and circumstances of this case warrant redaction of petitioners' names to initials. Petitioners have made an adequate showing for redaction. **Accordingly, petitioners' motion for redaction of the names in the decision to initials is GRANTED.**

Thus, the public version of the decision based on the parties' stipulation shall be redacted to include only petitioners' initials, C.L. and K.N. Moreover, the undersigned further directs the clerk to amend the case caption[3] to the following:

```
* * * * * * * * * * * * *  *
C.L. and K.N.,              *
on behalf of their minor son, K.M.N., *
                            *
        Petitioners,        *
                            *
v.                          *
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
        Respondent.         *
                            *
* * * * * * * * * * * * *  *
```

**IT IS SO ORDERED.**

                                                **s/Nora Beth Dorsey**
                                                Nora Beth Dorsey
                                                Chief Special Master

---

[3] If either party objects to the undersigned's redaction of the case caption, a motion requesting the undersigned to reconsider redaction of the case caption may be filed.