# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: September 4, 2019)

```
* * * * * * * * * * * * *
C.L. and K.N.,                          *
on behalf of their minor son, K.M.N.,   *   UNPUBLISHED
                                        *
                                        *   No. 14-357V
              Petitioners,              *
                                        *   Chief Special Master Dorsey
v.                                      *
                                        *   Attorneys' Fees and Costs
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
              Respondent.               *
* * * * * * * * * * * * *
```

Mary Coffey, Coffey & Nichols, LLC, St. Louis, MO, for petitioners.
Darryl R. Wishard, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 28, 2014, C.L. and K.N. ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act") on behalf of their minor son, K.M.N. Petitioners alleged that K.M.N. suffered from seizures and developmental delays after receipt of a diphtheria-tetanus-acellular pertussis ("DTaP") vaccine on or about September 23, 2011. Petition at 1. On October 23, 2018, the

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

parties filed a stipulation recommending an award of compensation to petitioners, which the undersigned adopted as her Decision awarding damages on October 24, 2018. ECF No. 90.

On April 23, 2019, petitioners filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 99). Petitioners request compensation in the amount of $91,609.45, representing $85,223.60 in attorneys' fees and $6,385.85 in costs. Fees App. Ex. 1 at 37. On May 2, 2019, petitioners filed a supplemental fees motion, requesting an additional $10,320.00 in costs. ECF No. 102. On August 29, 2019, petitioners filed a second supplemental fees motion, requesting an additional $8,292.00 in attorneys' fees. ECF No. 112. In total, petitioners request $110,221.45 in attorneys' fees and costs (representing $93,515.60 in fees and $16,705.85 in costs). Respondent filed his response on May 3, 2019 indicating that he did not oppose petitioner's motion because he believed the statutory requirement for attorneys' fees had been met in the instant case." Response at 2 (ECF No. 103). Petitioners did not file a reply.

For the reasons discussed below, the undersigned GRANTS petitioners' motion and awards a total of $90,128.45.

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Because compensation was awarded to petitioner, the undersigned finds that he is entitled to an award of reasonable attorneys' fees and costs.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her]

experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See* Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

For petitioners' attorney, Ms. Mary Coffey, petitioners request compensation of $464.00 per hour for all work performed in this case, spanning from 2012 to 2019. Fees App. at 1. For paralegal work performed, petitioners' request $156.00 per hour. Id. Both requested amounts represent the maximum rate available pursuant to the Office of Special Masters' fee schedules.[3] However, because such a rate exceeds the fee schedules promulgated prior to 2019, the undersigned finds that the requested rates are excessive and must be adjusted downward.

In previous cases in the Vaccine Program, Ms. Coffey has requested and been awarded $350.00 per hour for her work. See Odom v. Sec'y of Health & Human Servs., No. 17-198V, slip op. at 2 (Fed. Cl. Spec. Mstr. Oct. 11, 2017); Knobbe v. Sec'y of Health & Human Servs., No. 16-315V, slip op. at 2 (Fed. Cl. Spec. Mstr. Aug. 26, 2016). The billing records submitted in Odom and Knobbe reflect that Ms. Coffee has been awarded $350.00 per hour as a reasonable rate for her work in 2015-2017. Accordingly, the undersigned will keep with her prior decisions in those cases and award Ms. Coffey $350.00 per hour for those years. The undersigned also finds that $350.00 per hour is reasonable for Ms. Coffey's work performed in 2012-2014.

Concerning appropriate rates for 2018 and 2019, the undersigned finds it reasonable to increase Ms. Coffey's rate, although the requested rate of $464.00 per hour is excessive. Ms.

---

[3] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Coffey has been practicing law since 1980, giving her 31+ years of experience at all times while handling the instant case and placing her within the highest range on the OSM fee schedules. However, while Ms. Coffey has a great deal of experience as an attorney, her Vaccine Program-specific experience is far less extensive – the instant case is her sixth case within the Program and the only one currently active. Therefore, the undersigned does not find in appropriate to award Ms. Coffey the highest possible amount for her work. However, given her overall experience and her excellent work in this case, the undersigned finds it reasonable to award Ms. Coffey rates in the middle of the appropriate experience range. Accordingly, she shall be compensated for her work in 2018 at $431.00 per hour and her work in 2019 at $440.00 per hour.

Similar reductions are required for the paralegal rates. The undersigned has previously awarded Ms. Coffey's paralegals at $100.00 per hour and shall continue to do so for all work performed from 2012 to 2017. For 2018-2019, paralegal work shall also be compensated at the median amount in the given range, $143.00 per hour for work performed in 2018 and $146.00 per hour for work performed in 2019.

Therefore, based upon the rates established above, the undersigned shall reduce the final amount of attorneys' fees awarded by **$20,093.00**.[4]

### ii.    Reasonable Hours Expended

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent has also not indicated that he finds any of the entries to be objectionable either. Accordingly, petitioners are entitled to final attorneys' fees of **$73,422.60**.

### b.    Attorneys' Costs

Petitioner requests a total of $16,705.85 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, the expert work of Dr. Marcel Kinsbourne, and work performed by petitioners' probate attorney, Mr. James Zych. The undersigned has reviewed the submitted invoices and finds all of the requested costs to be reasonable and supported by adequate documentation. Accordingly, petitioners are entitled to the full amount of costs sought.

---

[4] The reductions are delineated as follows:

Attorney work (2012-2017): ($464.00 requested - $350.00 awarded) * 114.6 hours billed = $13,064.40.
Attorney work (2018): ($464.00 requested - $431.00 awarded) * 24.6 hours billed = $811.80.
Attorney work (2019): ($464.00 requested = $440.00 awarded) * 18.4 hours billed = $441.60
Paralegal work (2012-2017): ($156.00 requested - $100.00 awarded) * 95.7 hours billed = $5,359.20.
Paralegal work (2018): ($156.00 requested - $143.00 awarded) * 22.0 hours billed = $286.00.
Paralegal work (2019): $156.00 requested - $146.00 awarded) * 13.0 hours billed = $130.00

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $93,515.60 |
| (Total Reduction from Billing Hours) | - ($20,093.00) |
| **Total Attorneys' Fees Awarded** | **$73,422.60** |
| | |
| Attorneys' Costs Requested | $16,705.85 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$16,705.85** |
| | |
| **Total Amount Awarded** | **$90,128.45** |

**Accordingly, the undersigned awards the following:**

1) **$90,128.45 in attorneys' fees and costs, in the form of a check payable jointly to petitioners and their counsel, Ms. Mary Coffey.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

*s/Nora Beth Dorsey*
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.